IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05537-PAB

CHEIKH MBACKE GUEYE,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado,
NATHAN RASPER,[1] Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement,
DAVID VENTURELLA, Acting Director, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security, and
TODD BLANCHE, United States Attorney General,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Cheikh Mbacke Gueye's Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 10.

## I. BACKGROUND

Petitioner is a native and citizen of Senegal who entered the United States at or near San Luis, Arizona on or about May 1, 2022. Docket No. 1 at 5, ¶ 11. Petitioner was released on his own recognizance. *Id.* at 3, 6, ¶¶ 3, 18-19. On May 4, 2022, the

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nathan Rasper is automatically substituted as a party in his official capacity.

Department of Homeland Security issued petitioner a Notice to Appear, placing him in removal proceedings. *Id.* at 18. On April 10, 2023, he applied for asylum. *Id.* at 2, ¶ 3. Petitioner attended all of his immigration hearings and complied with the conditions of his release. *Id.* at 3, 6, ¶¶ 3, 19. Petitioner has lived in Colorado since 2022, has worked for United Airlines, Uber, and Lyft, and has no criminal history. *Id.* at 3, 6-7, ¶¶ 3, 18, 22.

On June 23, 2026, Immigration and Customs Enforcement ("ICE") officers took petitioner into custody while he was changing the oil in his car. *Id.* at 3, 6, ¶¶ 3, 18, 21; *see also id.* at 40. Petitioner states that ICE did not provide him with a warrant, a notice of custody determination, or any written explanation for his detention. *Id.* at 6, ¶ 21. Petitioner remains detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 5, ¶ 12. He has not requested a bond hearing, asserting that such a request would be futile. *Id.* at 11, ¶ 42.

On September 25, 2026, an immigration judge ("IJ") denied petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered him removed to Senegal. *Id.* at 2, 57, 59, ¶ 2. On October 15, 2026, petitioner appealed to the Board of Immigration Appeals ("BIA"), and his appeal is pending. *Id.* at 2, 6, 62, ¶¶ 2, 20.

On October 27, 2026, petitioner filed a habeas petition. *See generally id.* Petitioner asserts four claims: (1) "Detention Without Statutory or Regulatory Authority;" (2) "Violation of Procedural Due Process;" (3) "Violation of Substantive Due Process;" and (4) "Arbitrary and Capricious Agency Action," pleaded in the alternative. *Id.* at 10-12. For relief, petitioner requests, among other things, immediate release. *Id.* at 13.

On November 24, 2026, respondents filed a response. Docket No. 10. The response indicates that "Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case" and that respondents "recognize that the Court may then decide to grant the Petition and award appropriate relief." *Id.* at 1. Respondents further state that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention." *Id.* (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

As an initial matter, it is undisputed that petitioner is detained under 8 U.S.C. § 1226(a). Docket No. 1 at 7-8, 10, ¶¶ 25-28, 34; *see generally* Docket No. 10; *see also* *Santillan Quiroz*, 180 F.4th at 1237 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond)."). Although an IJ has ordered petitioner removed, that order is not administratively final because petitioner's appeal remains pending before the BIA. *See* Docket No. 1 at 7, ¶ 26; 8 C.F.R. § 1241.1(a).

The Court considers petitioner's due process claim. *See* Docket No. 1 at 10-11, ¶¶ 37-42. Pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the Court considers the following in weighing a due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Given that a “person’s physical freedom is the most elemental of liberty interests,” *Granillo Chavarria v. Baltazar*, 824 F. Supp. 3d 1170, 1174 (D. Colo. 2026) (internal quotation marks and citation omitted), the first factor weighs in favor of petitioner.

Relevant to the second factor is the fact that petitioner was released on his own recognizance in 2022. *See* Docket No. 1 at 3, 6, ¶¶ 3, 19. In releasing petitioner on his own recognizance, the government necessarily determined that petitioner was not a danger to the community or a flight risk. *See Ekenge v. Baltazar*, No. 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026). Respondents do not provide any indication as to why petitioner was re-detained. Since his 2022 release, petitioner has lived in the United States for more than four years, applied for asylum, attended his immigration hearings, and maintained employment, and he has no criminal history. *See* Docket No. 1 at 2-3, 6-7, ¶¶ 3, 18-19, 22. Here – where respondents have provided no change in circumstances that alters the initial determination that petitioner is not a danger to the community or a flight risk – there is a significant risk of the erroneous deprivation of petitioner’s liberty interest. *See Ekenge*, 2026 WL 617341, at *5 (finding that the “risk of erroneous deprivation is also considerable” where “[i]t appears to be undisputed that Petitioner was previously released after it was determined he was not a danger to the community or a flight risk”); *Perez-Cifuentes v. Warden, Denver Contract Detention Center*, No. 26-cv-02371-NRN, 2026 WL 1733489, at *3 (D. Colo. June 16, 2026) (finding that “the risk of erroneous deprivation is considerable” where petitioner was previously released on his own recognizance and respondents “do not contest, that at the time of his detention, there had not been a material change in circumstances” (alteration, internal quotation marks, and citation omitted)); *Uzcategui v. Brooksby*, 2026

WL 622751, at *11 (D. Utah Mar. 5, 2026) (finding that the second *Mathews* factor weighs in favor of petitioner because "civil immigration detention, which is 'nonpunitive in purpose and effect' is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community," "Federal Respondents do not contend that [petitioner] is or was a flight risk or a danger to the community," and petitioner was previously released on parole) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)); *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025) ("A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest.").

An IJ ordered petitioner removed on September 25, 2026, roughly three months after ICE re-detained him. *See* Docket No. 1 at 57, 59. An order of removal could potentially bear on whether petitioner is a flight risk such that detention may be warranted. But the removal order post-dates petitioner's re-detention, and so it cannot explain ICE's decision to take him into custody on June 23, 2026. Moreover, the order is not final, as petitioner's appeal remains pending before the BIA. *See id.* at 6, ¶ 20; *id.* at 62. And respondents do not rely on the removal order, or on any other change in circumstances, to justify petitioner's detention. *See generally* Docket No. 10. Thus, the Court finds that the second *Mathews* factor weighs in favor of petitioner.

Regarding the third factor, "the government clearly has an interest in enforcing immigration laws, but [the government's] interest in detaining petitioner without a warrant, notice to appear, or any justifiable reasonable explanation for [his] detention is

low."[2] *See Uzcategui*, 2026 WL 622751, at *11 (internal quotation marks and citation omitted); *cf. L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) ("It would stand to reason if a noncitizen was neither a flight risk nor dangerous, there would be no government or public interest in detention."). Furthermore, the Court finds that the fiscal and administrative burdens associated with evaluating whether a change in circumstance justifies petitioner's re-detention are low when compared to petitioner's interest in being free from the erroneous deprivation of his liberty. *See Ekenge*, 2026 WL 617341, at *5 ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.") (alterations and citation omitted). Accordingly, the third *Mathews* factor weighs in favor of petitioner.

Pursuant to *Mathews*, the Court finds that petitioner's due process rights were violated. Respondents provide no argument to the contrary and do not contend that petitioner is a flight risk or danger to the community. Further, respondents state that if the Court grants the petition, the appropriate relief would be an order directing that respondents release petitioner from detention. Docket No. 10 at 1. Thus, the Court will grant the habeas petition on the basis of petitioner's due process claim and order petitioner's immediate release.[3] *See Perez-Cifuentes*, 2026 WL 1733489, at *3 ("As to

---

[2] Petitioner states that he was not provided a warrant at his arrest, and respondents do not state otherwise. *See* Docket No. 1 at 6, ¶ 21; Docket No. 10.

[3] Because the Court grants the petition on the basis of petitioner's due process claim, the Court does not reach petitioner's remaining claims. Petitioner also seeks attorney's fees and costs under the Equal Access to Justice Act. Docket No. 1 at 13; *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025). But this District's Local Rules require that those requests be made by separate motion. *See* D.C.Colo.LCivR 54.3. A fee award is thus inappropriate at this juncture.

the appropriate remedy, the Court finds that Petitioner is entitled to immediate release. Petitioner was released from the custody of the [Office of Refugee Resettlement] in 2021 and he has since remained at liberty relying on that determination." (internal quotation marks and citation omitted)); *Ekenge*, 2026 WL 617341, at *7 ("other courts have found that . . . releasing a petitioner immediately remains the appropriate approach, at least where no evidence has been provided that the petitioner violated the conditions of his release pursuant to an OREC or similar status, [or] where little or no evidence has been provided in support of respondents' claims as to what the petitioner's conditions of release are"); *Murzi v. Noem*, No. 26-cv-00359-CNS, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) ("Immediate release is the appropriate remedy. To be released on conditional parole/own recognizance, there must be a finding that the immigrant does not pose a risk of flight or danger to the community and Respondents do not otherwise argue that Petitioner poses such risk or danger.") (internal quotation marks and citation omitted); *Sidqui v. Almodovar*, 823 F. Supp. 3d 364, 396 (S.D.N.Y. 2026) (finding that "in light of the Government's failure to provide Petitioner any individualized process either prior to or contemporaneous with the deprivation of his liberty, which was formerly granted by the Government, and the Government's inability to point to any evidence of risk of flight or danger," petitioner's immediate release is the appropriate remedy).

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Cheikh Mbacke Gueye's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED November 25, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge